VIRGINIA DORIS COLLIER HOWELL v. JOHN JAMES HOWELL

No. 746DC327

(Filed 7 August 1974)

1. **Divorce and Alimony § 18; Notice § 1— divorce action — transferring ownership of vehicle — notice**

   Notice was required to be served on the defendant in an action for alimony *pendente lite* and divorce from bed and board before the court could enter an order transferring ownership of a motor vehicle from defendant to plaintiff.

2. **Notice § 2; Rules of Civil Procedure § 6— inadequate notice of hearing**

   Defendant did not receive adequate notice of a hearing on motions that past due alimony *pendente lite* be reduced to judgment and that

Howell v. Howell

counsel fees be allowed for appellate representation of plaintiff where notices mailed to defendant's attorney did not give defendant the five days notice, excluding Saturdays, Sundays and holidays, required by Rule 6(a) and the additional three days notice required by Rule 6(e) when notice is by mail.

**3. Notice § 3— waiver of notice**

Defendant did not waive the lack of notice of a hearing on motions that past due alimony be reduced to judgment and that counsel fees be allowed for appellate representation of plaintiff when counsel for defendant appeared at the hearing, notified the court that defendant had not received adequate notice, that he was not prepared and that he objected to the hearing, and left the courtroom after making such objection.

APPEAL by defendant from *Gay, Judge,* 24 September 1973 Session of NORTHAMPTON County District Court.

This action was instituted on 26 January 1973, seeking alimony pendente lite, permanent alimony, and a divorce from bed and board. An answer was filed denying the material allegations of the complaint. On 16 February 1973, an order was entered requiring the defendant to pay alimony pendente lite to the plaintiff in the amount of $75.00 per week, that possession of a 1969 Dodge Charger be turned over to the plaintiff, and that the defendant pay attorney fees to the plaintiff's attorney in the amount of $200.00. The defendant excepted to the order and appealed to this court which affirmed in an opinion reported at 19 N.C. App. 260.

Two notices and motions were filed by the plaintiff on 21 September 1973. The first notice and motion informed the defendant that the plaintiff would appear in District Court on 27 September 1973, at 2:00 p.m., to petition the court for counsel fees for appellate representation of the plaintiff. The second notice and motion stated that no alimony had been paid pursuant to the previous order and requested that past due alimony in the amount of $2,325.00, plus attorney fees, be reduced to judgment. Copies of both notices and motions were served on the attorney for the defendant by depositing them in the mail on 21 September. On 24 September, Judge Gay entered an order stating that he had been informed by a member of the sheriff's department that the defendant had told the sheriff that he would cancel the liability insurance on the automobile. Whereupon, Judge Gay entered an order directing the defendant to transfer ownership of the motor vehicle in question to the

---

---

plaintiff. This order was entered without any notice to the defendant.

On 27 September, a hearing was held to consider the previous motions filed by the plaintiff and mailed to the defendant on 21 September. Counsel for the defendant made a brief appearance at the hearing and informed Judge Gay that he had not received proper notice, that he had not had time to consult with his client, and that he objected to the hearing being conducted without proper notice. Nevertheless, the hearing was conducted and orders entered based on findings of fact and conclusions of law from the evidence presented at the hearing. The court ordered an attorney fee in the amount of $750.00 be paid to the plaintiff's attorney for the appellate representation previously before this court, and that alimony payments in the amount of $2,325.00, plus $200.00 attorney fees, be reduced to judgment and constitute a lien as any other judgment. To the entering of these two judgments and the judgment of 24 September, granting title of the motor vehicle to the plaintiff, the defendant excepted and appealed.

*Johnson, Johnson, and Johnson, by Bruce C. Johnson for plaintiff-appellee.*

*Howard P. Satisky for defendant-appellant.*

CARSON, Judge.

[1] The defendant contends that notice was required to be served upon him before the court could enter the order transferring ownership of the motor vehicle to the plaintiff. Normally, notice of a motion out of term must be given to the opposing party. *Gravel Co. v. Taylor,* 269 N.C. 617, 153 S.E. 2d 19 (1967); *Collins v. Highway Commission,* 237 N.C. 277, 74 S.E. 2d 709 (1953). If the moving party is entitled to the relief strictly as a matter of right, such notice is not required. *Collins v. Highway Commission, supra.* However, in the instant case, the moving party was not entitled to ownership of the vehicle as a matter of right. The defendant should have been provided with notice as required by the North Carolina Rules of Civil Procedure in order that he might present what evidence or defense he desired. G.S. 1A-1, Rule 6(a), (d), and (e).

[2] Likewise, the defendant did not receive proper notice of the hearing which was conducted on 27 September. Rule 6(d) of

the Rules of Civil Procedure requires that motions such as this be served on the opposing party not later than five days before the time specified for the hearing. Rule 6(a) of the Rules of Civil Procedure further provides that when the period of time prescribed is less than seven days, intermediate Saturdays, Sundays, and holidays, shall be excluded in the computation. Following this formula, the earliest that the hearing could have been conducted was 28 September. In addition, Rule 6(e) of the Rules of Civil Procedure provides that when service of notice is by mail, three days shall be added to the prescribed period. Consequently, the defendant did not receive adequate notice of the hearing, and the orders entered must be vacated.

[3] While the defendant could have waived the lack of notice and proceeded with the hearing, he certainly did not do so, by implication or otherwise. Rather, he appeared at the hearing, notified the court that he had not received adequate notice, that he was not prepared, and objected to the hearing on the grounds of lack of notice. He did not participate in the hearing but left the courtroom after informing the court of his objection. It was, therefore, erroneous for the trial court to continue the hearing because of the lack of adequate notice, and the orders entered must be vacated.

Orders vacated.

Judges BRITT and HEDRICK concur.