GEORGE R. SAIEED AND WIFE, TIFFNEY L. SAIEED, PLAINTIFFS-APPELLEES v. THEODORE ROOSEVELT BRADSHAW AND WIFE, WINNIE MARIE S. BRADSHAW; AMAR AHUJA AND WIFE, KAMINI AHUJA; ARTEMIS C. KARES; HELEN C. KARES; GEORGE CHRIS KARES AND WIFE, EDNA MARIE JONES KARES; JOANNE KARES; CHRISANTHE KARES; AND PAMLICO SOUND LEGAL SERVICES, INC., DEFENDANTS-APPELLANTS

No. 923DC591

(Filed 6 July 1993)

**Rules of Civil Procedure § 58 (NCI3d)— determination of date of entry of judgment—appeals taken thirty-one days later— appeals properly dismissed**

The trial court did not err in finding the proper date for entry of judgment to have been 7 October 1991, as it constituted an early identifiable point at which entry of judgment occurred, and neither party could be said to be unfairly surprised by the entry of judgment on that date, as defendants admitted in open court that they had "actual notice of the filing of the judgment on or about October 7, 1991." Therefore, the trial court properly dismissed defendants' appeals taken thirty-one days after entry of judgment.

**Am Jur 2d, Judgments §§ 59, 61.**

Appeal by defendants except for Pamlico Sound Legal Services, Inc., from order entered in open court 16 April 1992 and filed 24 April 1992 by Judge E. Burt Aycock, Jr., in Pitt County District Court. Heard in the Court of Appeals 11 May 1993.

*Everett, Everett, Warren & Harper, by C. W. Everett, Jr., and Edward J. Harper, II, for plaintiff appellees.*

*Speight Watson & Brewer, by James M. Stanley, Jr., for defendant appellees.*

COZORT, Judge.

Defendants (except Pamlico Sound Legal Services, Inc.) appeal the dismissal of their appeals for failure to timely file notice of appeal within thirty days from the entry of judgment pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure. We find the trial court properly determined the date of the entry of judgment, and the defendants failed to file timely notice. We thus affirm.

Plaintiffs instituted this action seeking declaratory and injunctive relief relating to the use of an alleyway running between property owned by them and property owned or used by defendants. Defendants Theodore Roosevelt Bradshaw and Winnie Marie S. Bradshaw asserted a counterclaim seeking to be declared the owners in fee simple of the alleyway. The trial court held a hearing on the counterclaim and ruled in favor of the plaintiffs. At trial, the jury found in favor of plaintiffs as to most issues. The record indicates that when the verdict was rendered, the court instructed the clerk to record the verdict in the minutes and to note that the parties had agreed to reschedule a hearing for injunctive relief sought by plaintiffs outside the current term of court.

On 6 October 1991, the trial court signed a comprehensive judgment resolving all the issues presented in the case, including those raised by the counterclaim. The judgment was filed on 7 October 1991. On 7 November 1991, thirty-one days after the judgment was filed, defendants Theodore Roosevelt Bradshaw, Winnie Marie S. Bradshaw, Amar Ahuja, and Kamini Ahuja gave notice of appeal from the judgment "entered on October 7, 1991." On 15 November 1991, the remaining defendants, except Pamlico Sound Legal Services, Inc., additionally gave notice of appeal from the 7 October 1991 judgment. The latter notice was given pursuant

SAIEED v. BRADSHAW

[110 N.C. App. 855 (1993)]

to N.C.R. App. P. 3(c), which provides, in part, "If a timely notice of appeal is filed and served by a party, any other party may file and serve a notice of appeal within 10 days after the first notice of appeal was served on such party." Thereafter, the defendant appellants gave notice of the joinder of their appeals pursuant to N.C.R. App. P. 5(a).

On 7 April 1992, plaintiffs filed a motion to dismiss the appeal based on the untimeliness of the appeals taken and based on the appellants' failure to timely contract with the court reporter for production of the trial transcript as prescribed by N.C.R. App. P. 7. By order filed 24 April 1992, the trial court found that the appellants had substantially complied with N.C.R. App. P. 7; however, the trial court dismissed the joint appeal based on the appellants' failure to give timely notice of appeal from the judgment.

The trial court's order dismissing the appeal included the following findings:

1. Final judgment in this case was signed on October 6, 1991, and filed with the Clerk of Superior Court . . . on October 7, 1991.

2. This case was heard by the undersigned Judge at the session of Pitt County District Court commencing February 25, 1991, with some of the issues being tried before the Court without a jury and with some of the issues being tried before the Court with a jury. The counterclaim of the defendants Bradshaw was tried to the Court without a jury, and the Court rendered its judgment with respect to such counterclaim during that week of Court. No written order respecting such counterclaim was entered other than the judgment signed by this Court and filed on October 7, 1991.

3. After the return of the jury's verdict at the aforementioned session of Court, the Court met on several occasions with counsel respecting the fashioning of injunctive relief and the proposed findings of fact and conclusions of law, and counsel for both the plaintiffs and the appealing defendants were involved in this process throughout the period of time between the week of February 25, 1991 and October 6, 1991, the date the judgment was signed.

4. There is no evidence in the record, nor was any evidence offered at the hearing, that notice of filing was mailed by

the Clerk to the parties pursuant to Rule 58 of the North Carolina Rules of Civil Procedure, nor does the judgment itself exhibit a time of mailing notice.

5. The best recollection of the undersigned Judge is that on October 7, 1991, the date of filing of the judgment, he carried the original of such judgment to the office of the Clerk of Superior Court of Pitt County and directed that it be filed. His further best recollection is that he directed his secretary to deliver personally copies of the judgment on that same date to all Greenville counsel and instructed her to mail to Mr. Harmon, who resides in New Bern, his copy of such judgment.

6. At oral argument, counsel for defendants acknowledged that they then had actual notice of the filing of the judgment on or about October 7, 1991.

* * * *

8. The notice of appeal filed herein bears the file stamp of the Pitt County Clerk of Superior Court dated November 7, 1991, at 4:59 o'clock p.m.

* * * *

10. The Court finds as a fact that the stamped time shown on the notice of appeal is the correct time of filing . . . .

11. During the entire process of drafting the judgment, all Greenville counsel were diligent in working with the Court in order to obtain a final judgment which accurately set forth the judgment rendered . . . . The Court specifically recalls that this judgment was revised on more than one occasion as a result of these consultations.

12. In the factual context presented by this case, the signing and filing of the judgment on October 7, 1991, is an easily identifiable point at which entry of judgment occurred, and the Court finds as a fact that the judgment was entered on that date.

* * * *

15. Judgment was not rendered on plaintiffs' claims for relief in open Court at the February 25, 1991 civil session

but was rendered outside and after the term of Court by stipulation and agreement of the parties.

The court then concluded:

1. That judgment in this cause was entered on October 7, 1991, which date, in the factual context of this case, was (1) an easily identifiable point at which entry occurred, such that (2) the parties had fair notice of the Court's judgment and the time thereof, and that (3) the matters for adjudication had been finally and completely resolved so that the case is suitable for appellate review.

Defendants contend the trial court erred by dismissing their appeal based on untimeliness, based on the trial court's finding that entry of judgment in this case occurred on 7 October 1991. Rule 3 of the Rules of Appellate Procedure states that "[a]ppeal from a judgment . . . in a civil action . . . must be taken within 30 days after its entry." Failure of an appellant to timely file the notice of appeal requires that the potential appeal be dismissed. *Currin-Dillehay Bldg. Supply, Inc. v. Frazier*, 100 N.C. App. 188, 394 S.E.2d 683, *disc. review denied*, 327 N.C. 633, 399 S.E.2d 326 (1990). Accordingly, if the trial court properly determined that the entry of judgment occurred on 7 October 1991, then the notice of appeal given by defendants Bradshaw and Ahuja on 7 November 1991, thirty-one days after the entry of judgment, was untimely. Furthermore, it follows that, if the notice given by defendants Bradshaw and Ahuja was untimely, then the notice given by the remaining defendants was also untimely and their appeal was properly dismissed. *See* N.C.R. App. P. 3(c). The issue which we must decide, then, is whether the trial court erred in determining that entry of judgment occurred on 7 October 1991.

Rule 58 of the North Carolina Rules of Civil Procedure provides when entry of judgment occurs. Rule 58 states:

Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these

rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.

In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.

In cases where judgment is not rendered in open court, entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties. The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof.

N.C. Gen. Stat. § 1A-1, Rule 58. The parties agree, and we concur, that paragraphs one and two of Rule 58 are inapplicable to the present case, since judgment was not rendered in open court. Defendants argue that paragraph three in Rule 58 applies to the case at bar; they contend the judgment has never been entered because the clerk has not mailed a notice to the parties. Defendants argue the 30-day period for filing notice of appeal has not been triggered. Conversely, plaintiffs assert that Rule 58 is entirely inapplicable, urging us to apply analysis set forth in *Stachlowski v. Stach*, 328 N.C. 276, 401 S.E.2d 638 (1991), to determine when entry of judgment occurred.

We find the analysis in *Stachlowski* applicable in the present case. In *Stachlowski*, our Supreme Court acknowledged that in some cases, the express provisions of Rule 58 have not been satisfied, and therefore the point of entry of judgment cannot be determined by reference to the rule. Rather than declare that entry of judgment never occurred where there is a failure to comply with Rule 58, the Court stated that the point of entry of judgment must be determined by reference to the intent and purpose of the rule. *Id. See also, Reed v. Abrahamson*, 331 N.C. 249, 415 S.E.2d 549 (1992).

The Court further explained that when Rule 58 does not apply, the entry of judgment should be determined by undertaking a separate analysis. The Court stated:

SAIEED v. BRADSHAW

[110 N.C. App. 855 (1993)]

In cases where the procedures used do not fit within the express provisions of the rule or where there is no evidence to indicate when or whether such notation was made, the spirit and purpose of the rule should determine when entry of judgment occurs. As described above, relevant factors in this analysis are: (1) an easily identifiable point at which entry occurred, such that (2) the parties have fair notice of the court's judgment and the time thereof, and that (3) the matters for adjudication have been finally and completely resolved so that the case is suitable for appellate review.

*Stachlowski,* 328 N.C. at 287, 401 S.E.2d at 645. When we apply that analysis to the circumstances in the present case, we find the trial court did not err in finding the proper date for entry of judgment to have been 7 October 1991. The 7 October date constitutes "an easily identifiable point at which entry of judgment occurred," and neither party can be said to be unfairly surprised by entry of judgment on that date. Defendants admitted in open court that they had "actual notice of the filing of the judgment on or about October 7, 1991." We conclude the trial court properly dismissed the appeals taken more than thirty days after entry of judgment.

We affirm the order dismissing the joint appeal, making unnecessary any review of plaintiffs' cross-assignment of error.

Affirmed.

Judges WELLS and JOHN concur.