THE FARM CREDIT BANK OF COLUMBIA, PLAINTIFF v. SETH H. EDWARDS, ADMINISTRATOR OF THE ESTATE OF MARY H. VAN DORP AND SETH H. EDWARDS, ADMINISTRATOR OF THE ESTATE OF A. H. VAN DORP, DEFENDANTS

No. COA94-1307

(Filed 5 December 1995)

1. **Appeal and Error § 176 (NCI4th)— motion to dismiss appeal—jurisdiction of trial court**

Plaintiff's motion to dismiss defendant's appeal was properly made in the trial court rather than in the Court of Appeals where defendants had filed notice of appeal but the appeal had not yet been filed and docketed in the Court of Appeals.

**Am Jur 2d, Appellate Review § 421.**

2. **Executors and Administrators § 36 (NCI4th); Attorneys at Law § 29 (NCI4th)— notice of appeal—no authority by attorney**

A notice of appeal filed by decedents' attorney of record from a judgment entered in an action to recover a deficiency following a foreclosure sale of decedents' property was a nullity where the decision of whether to appeal was clearly within the powers of

FARM CREDIT BANK v. EDWARDS

[121 N.C. App. 72 (1995)]

the administrator of decedents' estates; the administrator did not authorize the attorney to proceed with the appeal; the attorney did not notify the administrator of his decision to give notice of appeal; the administrator opposed the appeal on the ground that the appeal would not benefit the estate but would instead erode assets of the estate; and the attorney was not employed by the administrator until after the time for giving a properly authorized notice of appeal had expired. N.C.G.S. § 28A-13-3(7) and (15).

**Am Jur 2d, Attorneys at Law § 141; Executors and Administrators §§ 375, 376.**

**Power and responsibility of executor or administrator to compromise claim due estate. 72 ALR2d 191.**

3. **Judgments § 36 (NCI4th)— trial judge outside county and district—appeal dismissed—defendant's request that judge settle record—defendant's failure to object**

The court had the authority to dismiss an appeal while holding court outside the county and district, since defendant requested the trial judge to consider the objections to the proposed record and settle the record on appeal; one of the objections to the record concerned dismissal of the appeal; both parties participated in the hearing without objection; and defendant thus waived any objection he might have had by seeking affirmative relief.

**Am Jur 2d, Judgments § 79.**

4. **Judgments § 8 (NCI4th)— oral motion to substitute defendant—no objection to substitution of judgment**

The trial court's judgment was not void because defendant administrator was not served with process or given notice of the hearing but was made a party to the action upon oral motion, since the administrator of the estate and the attorney for the estate were present for the hearing and did not object to the administrator being substituted as a party defendant or to judgment being entered against defendant.

**Am Jur 2d, Judgments §§ 27-29.**

Appeal by defendants from order entered 19 August 1994 by Judge James E. Ragan, III in Craven County Superior Court. Heard in the Court of Appeals 31 August 1995.

*Everett, Warren, Harper & Swindell, by Edward J. Harper, II, for plaintiff-appellee.*

*Lee E. Knott, Jr. for defendant-appellants.*

WALKER, Judge.

This action was brought by the plaintiff, Farm Credit Bank of Columbia, to recover the deficiency following a foreclosure sale of the Van Dorp property in Hyde County. Mary H. Van Dorp and A. H. Van Dorp denied that there was any deficiency alleging that the plaintiff purchased the property at the foreclosure for substantially less than its fair market value. On 31 October 1989, Judge Thomas S. Watts found that the defendants waived their statutory defense by signing a deed of trust which contained express language of waiver and granted plaintiff a partial summary judgment.

At a hearing on 18 March 1992, Judge William C. Griffin signed a judgment outside of the county and district awarding plaintiff $164,957.85 which included the amount of the deficiency, interest, and attorneys' fees. Defendants appealed and this Court vacated the decision of the trial court in an opinion filed 6 July 1993.

A. H. Van Dorp was acting as administrator of the estate of Mary H. Van Dorp until his death on 11 November 1992. On 17 December 1993, Seth H. Edwards (Edwards), attorney, was appointed administrator of the estates of the Van Dorps. When this case was called for trial on 2 May 1994 in Hyde County Superior Court, plaintiff orally moved that Edwards, as the duly appointed administrator of the estates of Mary H. Van Dorp and A. H. Van Dorp, be substituted as a party defendant. Edwards was present at this hearing when he was substituted as a party defendant and judgment was entered for the plaintiff. Thereafter, the attorney of record for the Van Dorps, Lee E. Knott, Jr. (Knott), filed notice of appeal in the case on 22 June 1994. On 23 June 1994, Edwards met with plaintiff's counsel and learned for the first time that notice of appeal had been filed.

Plaintiff's counsel filed a motion to dismiss the appeal on 19 July 1994 which was supported by an affidavit from Edwards. In the affidavit Edwards stated that Knott was not authorized to proceed with the appeal and that an appeal "is unlikely to benefit either estate and will in fact seriously erode the assets of the estate."

On 21 July 1994, Knott filed a request to settle the record on appeal. At the hearing to settle the record on appeal, Judge James

Ragan dismissed the appeal by an order filed 19 August 1994, finding that the notice of appeal filed on 22 June 1994 was a nullity because it was not authorized by and was expressly repudiated by Edwards as administrator of both estates.

[1] By way of their first assignment of error, defendants argue that the trial court did not have jurisdiction to entertain and grant the plaintiff's motion to dismiss the defendants' appeal without notice at a hearing held for the purpose of settling the record on appeal. We disagree.

Rule 25 of the N.C. Rules of Appellate Procedure provides that:

> [p]rior to the filing of an appeal in an appellate court motions to dismiss are made to the court, commission, or commissioner from which appeal has been taken; after an appeal has been docketed in an appellate court motions to dismiss are made to that court.

While Knott filed notice of appeal on 22 June 1994, the appeal was not filed in this Court until 21 November 1994 and was not docketed until 28 November 1994. Accordingly, plaintiff properly made its motion to dismiss the appeal to the trial court.

[2] Plaintiff relies on *Saieed v. Bradshaw*, 110 N.C. App. 855, 859, 431 S.E.2d 233, 235 (1993), as support for its argument that a trial court has jurisdiction to dismiss appeals for failure to comply with the N.C. Rules of Appellate Procedure or with court orders requiring action to perfect the appeal. *See Estrada v. Jaques*, 70 N.C. App. 627, 321 S.E.2d 240 (1984). In *Bradshaw*, this Court upheld the trial judge's dismissal of an appeal when the notice of appeal was not timely filed. In this case, Edwards filed an affidavit on 13 July 1994 which expressly stated that "[a]t no time has he, as administrator of either of such decedent's estate, authorized the said Lee E. Knott, Jr., to proceed with such appeal." Furthermore, it was Edwards' opinion, as administrator of the estates, that the prosecution of such appeal would not benefit either estate but would in fact seriously erode the assets of the estates. Knott was not employed by the administrator until on or about 2 August 1994, after the time for giving a properly authorized notice of appeal had expired. This evidence supports the finding that the 22 June 1994 notice of appeal was a nullity.

In response, Knott, as attorney of record for the Van Dorps, asserts he had the authority to file the notice of appeal and that Edwards, as administrator, subsequently ratified this action by filing

an affidavit on 2 August 1994. As such, defendants apparently argue that the trial court improperly found that the notice of appeal was a nullity. This argument is without merit.

A close examination of the record reveals that Knott did not notify Edwards of his decision to give notice of appeal. Edwards first learned of the appeal on 23 June 1994 in a meeting with counsel for the plaintiff. Thereafter on 13 July 1994, Edwards gave the following sworn statement:

> 4. After an examination of the record on appeal and the briefs of the parties in a previous appeal, he, as administrator of each such estate, is of the opinion that the prosecution of such appeal is unlikely to benefit either estate and will in fact seriously erode the assets of the estate for that, even if such appeal is successful, the result could only be remanded to the Superior Court of Hyde County for trial, which would even further erode the estates' assets.

Edwards was of the opinion that such appeal was not in the best interests of the estates.

The decision of whether to appeal the judgment filed 25 May 1994 was clearly within the powers granted Edwards as personal representative under N.C. Gen. Stat. § 28A-13-3(7) (1994) which provides that an administrator shall have the authority "[t]o abandon or relinquish all rights in any property when, in the opinion of the personal representative acting reasonably and in good faith, it is valueless, or is so encumbered or is otherwise in such condition that it is of no benefit to the estate." Further, N.C. Gen. Stat. § 28A-13-3(15) grants a personal representative the authority "[t]o compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle claims in favor of or against the estate." The record supports the trial court's findings that Knott was not employed by the administrator until on or about 2 August 1994 and was not authorized to file the notice of appeal. An attorney must be sensitive to the attorney's professional duty and assume responsibility for clearly defining attorney/client relationships and initiating necessary attorney/client communication. Accordingly, the trial court properly concluded that the notice of appeal was a nullity.

[3] In a related argument, defendants contend that the trial judge lacked the authority to dismiss the appeal while holding court outside the county and district. An exception to the general rule that a judge

may not enter orders out of session in another district, is that a judge may exercise judicial authority after the expiration of the term upon the parties' consent. *Edmundson v. Edmundson*, 222 N.C. 181, 186, 22 S.E.2d 576, 580 (1942). In this case, defendant requested the trial judge, who was holding court in another district, to consider the objections to the proposed record and settle the record on appeal. One of the objections to the record concerned the dismissal of the appeal. Both parties participated in the hearing to settle the record without objection. Defendant, by requesting the court to settle the record on appeal, consented to the court's authority.

Also, it is well established that seeking affirmative relief from a court on any basis other than lack of jurisdiction constitutes a waiver of jurisdictional objections. *M.G. Newell Co. v. Wyrick*, 91 N.C. App. 98, 100, 370 S.E.2d 431, 433-434 (1988). In sum, the trial judge in settling the record on appeal had the authority to consider the dismissal question as an objection to the proposed record. Further, defendants waived any objection they may otherwise have had by seeking affirmative relief.

[4] In their last assignment of error, defendants contend that the findings of fact and conclusions of law made by the court in the order dismissing the appeal entitle defendants to relief from the judgment pursuant to Rule 60(b) of the Rules of Civil Procedure. Defendants argue that the judgment filed 25 May 1994 is void because Edwards was not served with process or given notice of the hearing, but was made a party to the action upon oral motion. We disagree.

Objections to lack of jurisdiction over the person, including notice, may be waived by voluntary appearance or consent. *Glesner v. Dembrosky*, 73 N.C. App. 594, 596, 327 S.E.2d 60, 62 (1985). In the present case, Edwards and Knott were present for the hearing and did not object to the administrator of both estates being substituted as a party defendant or to judgment being entered against defendants.

Also, it is well established that when a case is on a court calendar for trial, oral motions are in order. Our Supreme Court has held that "where an oral motion is appropriately made under Rule 7, the doctrine that a party to an action has constructive notice of all orders and motions made in the cause during the session of court at which the cause is regularly calendared is preserved." *Wood v. Wood*, 297 N.C. 1, 6, 252 S.E.2d 799, 802 (1979). In sum, any objection to personal jurisdiction was waived by Edwards appearing at the hearing and con-

senting to the substitution of the administrator as party defendant and the subsequent entry of judgment against the defendants.

Accordingly, we affirm the trial court's order dismissing the appeal.

Affirmed.

Judges COZORT and McGEE concur.