Ehrenhaus v. Baker, 2014 NCBC 30.

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IRVING EHRENHAUS, On Behalf Of
Himself and All Others Similarly
Situated,

        Plaintiff,

    v.

JOHN D. BAKER, II; PETER C.
BROWNING; JOHN T. CASTEEN,
III; JERRY GITT; WILLIAM H.
GOODWIN, JR.; MARYELLEN C.
HERRINGER; ROBERT A. INGRAM;
DONALD M. JAMES; MACKEY J.
MCDONALD; JOSEPH NEUBAUER;
TIMOTHY D. PROCTOR; ERNEST S.
RADY; VAN I. RICHEY; RUTH G.
SHAW; LANTY L. SMITH; DONA
DAVIS YOUNG; and WELLS FARGO
& COMPANY,

        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
08 CVS 22632

**ORDER AND OPINION**

{1}    THIS MATTER, having been reassigned to the undersigned, is before the court pursuant to Defendants' Motion to Dismiss Appeal ("Motion") brought under North Carolina Rule of Appellate Procedure ("Appellate Rule(s)") 25. After consideration of the Motion, briefs, and other matters of record, the court determines that Defendants' Motion should be GRANTED and FINDS and CONCLUDES as follows:

> *Greg Jones & Associates, P.A. by Gregory Jones and Wolf Popper LLP by Robert M. Kornreich, Chet B. Waldman, and Rebecca E. Mansbach for Plaintiff.*
>
> *Robinson, Bradshaw & Hinson, P.A. by Robert W. Fuller and Adam K. Doerr for Defendants.*

## I.    FACTUAL BACKGROUND

{2}    Hon. Calvin E. Murphy, Special Superior Court Judge for Complex Business Cases, entered an Order on Plaintiff's Counsel's Renewed Fee Application on March 25, 2014.

{3}    Two class-member objectors electronically submitted a notice of appeal from Judge Murphy's Order to the Business Court's electronic filing system.  The system issued a Notice of Electronic Filing email, constituting service of the notice of appeal on counsel for all Parties in accordance with Rule 6.5 of the General Rules of Practice and Procedure for the North Carolina Business Court ("Business Court Rule(s)" or "BCR"), on April 22, 2014.  The objectors filed a written copy of their notice of appeal with the Mecklenburg County Clerk of Superior Court on April 24, 2014.  No Parties contend that the objectors' notice of appeal was untimely filed or served.

{4}    Plaintiff electronically submitted a notice of appeal from the same Order to the Business Court's electronic filing system on April 30, 2014 and a Notice of Electronic Filing was issued.  Defendants filed their Motion to Dismiss Appeal on May 12, 2014.  On May 15, 2014, Plaintiff filed with the Mecklenburg County Clerk of Superior Court a written copy of the notice of appeal which had been electronically submitted on April 30, 2014.  Plaintiff then electronically submitted another notice of appeal through the Business Court's electronic filing system on May 16, 2014[1] and filed it with the Mecklenburg County Clerk of Superior Court the same day.

{5}    The Motion has been fully briefed and is ripe for disposition.[2]

---

[1] Plaintiff electronically submitted this notice of appeal after 5:00 p.m. on May 15, 2014 and concedes that it is deemed submitted the next business day, May 16, 2014.  (Pl.'s Opp'n Defs.' Mot. Dismiss Pl.'s Appeal 3;) *see also* BCR 6.7; *Carter v. Clements Walker, PLLC*, 2014 NCBC LEXIS 12, at *15 (N.C. Super. Ct. Apr. 30, 2014) (noting that, under Business Court Rules, filings began after 5:00 p.m. are deemed filed the next business day unless a filing party experiences technical difficulties and complies with Business Court Rule 6.13).

[2] In its discretion, the court has not held a hearing on the Motion and decides it on the papers. *See* BCR 15.4 (motions may be decided without oral argument unless ordered by the court).

## II.    ANALYSIS

{6}    Appellate Rule 25 permits the trial court, upon motion of a party and prior to the filing of an appeal in the appellate court, to dismiss an appeal if the appellant, "after giving notice of appeal[,] . . . fail[s] to take any action required to present the appeal for decision" within the times set by the Appellate Rules.  N.C. R. App. P. 25(a) (2014).[3]  Appellate "Rule 25 . . . allows the trial court to dismiss an appeal if the appellant failed to give notice of appeal within the time allowed by" Appellate Rule 3.  *Landingham Plumbing & Heating of N.C., Inc. v. Funnell*, 102 N.C. App. 814, 815, 403 S.E.2d 604, 605–06 (1991) (reversing trial court dismissal of appeal for error of law in determining notice of appeal's timeliness); *see also Farm Credit Bank v. Edwards*, 121 N.C. App. 72, 75, 464 S.E.2d 305, 306–07 (1995) (affirming trial court dismissal of appeal where trial court concluded notice of appeal filed by counsel was void because it was unauthorized and repudiated by administrator of estate); *Saieed v. Bradshaw*, 110 N.C. App. 855, 861, 431 S.E.2d 233, 236 (1993) (affirming trial court dismissal of appeal for untimely filed notice of appeal); *Carter v. Clements Walker PLLC*, 2014 NCBC LEXIS 12, at \*7–\*11 (N.C. Super Ct. Apr. 30, 2014) (collecting cases and noting Appellate Rule 25 permits trial court dismissal of appeal for failure to file timely notice of appeal); *Blitz v. Xpress Image, Inc.*, 2007 NCBC LEXIS 9, at \*6–\*15 (N.C. Super. Ct. Apr. 13, 2007) (dismissing appeal for failure to file timely notice of appeal); *cf. Whitfield v. Todd*, 116 N.C. App. 335, 337, 447 S.E.2d 796, 798 (holding motion to dismiss appeal filed in trial court was proper, but trial court's order issued after record on appeal was docketed was void).

{7}    "Any party entitled by law to appeal from a judgment . . . of a superior . . . court rendered in a civil action . . . may take appeal by filing notice of appeal with the clerk of superior court . . . within the time prescribed by subsection (c) of"

---

[3] Based on the court's review of appellate decisions on Rule 25, "filing of an appeal in an appellate court" means docketing of the appeal, which occurs when the appellant files the record on appeal with the clerk of the appellate court and pays the docket fee or proceeds *in forma pauperis*.  *See* N.C. R. App. P. 12(a)–(b).

Appellate Rule 3. N.C. R. App. P. 3(a). If another party files and serves a timely notice of appeal, "any other party may file and serve a notice of appeal within ten days after the first notice of appeal was served on [that] party." N.C. R. App. P. 3(c). Appellate Rule 3 is jurisdictional, and failure to file a notice of appeal within the time prescribed by that Rule requires dismissal of an appeal. *E.g.*, *In re Harts*, 191 N.C. App. 807, 809–10, 664 S.E.2d 411, 413 (2008); *see also Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197–98, 657 S.E.2d 361, 365 (2008).

{8}     Appellate Rule 3's language is clear. A party appealing an order must file a "notice of appeal with the clerk of superior court . . . within the time prescribed by [Appellate Rule 3(c)]." N.C. R. App. P. 3(a). Under Appellate Rule 3(c), Plaintiff's appeal from the same Order from which the class-member objectors appealed had to be filed, at the latest, by May 2, 2014, ten (10) days after Plaintiff was served with the class-member objectors' notice of appeal. Plaintiff did not file his notice of appeal with the Mecklenburg County Clerk of Superior Court until May 15, 2014. Plaintiff's failure to file his notice of appeal with the Mecklenburg County Clerk of Superior Court within the time prescribed by Appellate Rule 3(c) requires the court to dismiss his appeal.[4]

{9}     Plaintiff contends that the Business Court's electronic filing system's Notice of Electronic Filing includes service on the "Clerk of Court," meaning a clerk separate from the Mecklenburg County Clerk of Superior Court, and thus satisfies Appellate Rule 3's filing requirement. Plaintiff's argument relies on an incorrect premise—that the Business Court is separate court that maintains its own Clerk of Court. Plaintiff rests his premise on the Notice of Electronic Filing email generated by the Business Court's electronic filing system that references "Clerk of Court." The notice lists the email address of that "Clerk of Court" as

---

[4] Appellate Rule 26(a) requires "[p]apers required or permitted by these rules to be filed in the trial or appellate divisions [to] be filed with the clerk of the appropriate court." N.C. R. App. P. 26(a). Although filing of those papers "may be accomplished by mail or by electronic means *as set forth in* [Rule 26]," that rule only concerns electronic "[f]iling in the appellate courts[.]" *Id.* (emphasis added).

raleigh.clerk@aoc.nccourts.org, which is the address of the email address of the court's law clerk in Raleigh.

{10}   The Business Court is not, as Plaintiff states, a separate "Superior Court within the North Carolina General Court of Justice." (Pl.'s Opp'n Defs.' Mot. Dismiss Pl.'s Appeal 5.) It is also not a court of separate or special jurisdiction. Rather, the Business Court is "an administrative division of the General Court of Justice." *Business Court Frequently Asked Questions*, North Carolina Business Court, http://www.ncbusinesscourt.net/FAQ/business_court_frequently_asked_.htm (last visited July 16, 2014); *see also About the North Carolina Business Court*, North Carolina Business Court, http://www.ncbusinesscourt.net/New/aboutcourt/ (last visited July 16, 2014) ("The North Carolina Business Court is a specialized forum of the North Carolina State Courts' trial division. Cases [. . .] are assigned by the Chief Justice of the North Carolina Supreme Court to a special superior court judge who oversees resolution of all matters in the case through trial.") Although cases may be assigned to a special superior court judge designated to hear complex business cases, any case assigned to that judge remains venued in the county where the case was originally filed. *Cf.* N.C. Gen. Stat. § 7A-45.1(c) (noting that special superior court judges assigned to hold court in a county have "the same power and authority of a regular judge" in that county); § 7A-46 (authorizing Chief Justice of North Carolina Supreme Court to "order a special session" of superior court in any county and "order any regular, special, or emergency judge to hold such session.").

{11}   This case was originally and has at all times been venued in Mecklenburg County. Assignment to a special superior court judge for complex business cases does not affect this venue. The Mecklenburg County Clerk of Superior Court is and has been the "clerk of superior court" responsible for this action. It is that office with which Plaintiff had to file his notice of appeal. *See* N.C. R. App. P. 3(a); N.C. R. App. P. 26(a) (noting papers must "be filed with the clerk of the appropriate court"); *Folmar v. Kesiah*, No. COA13-1297, ___ N.C. App. ___, ___ S.E.2d ___, 2014 N.C. App. LEXIS 743, slip op. at 7–8 (N.C. Ct. App. filed July 15, 2014) (holding that Clerk of Superior Court in county where case was venued when

order appealed from was issued was the "clerk of the appropriate court" under Appellate Rule 26(a)).

{12}     Prior to the briefing on the Motion, the court was not cognizant that the Notice of Electronic Filing email in this and other actions refers to the notice as having been sent to "Clerk of Court" by email to raleigh.clerk@aoc.nccourts.org. That email address is for the law clerk resident in the Raleigh chambers of the Honorable John R. Jolly, Jr., Senior Special Superior Court Judge for Complex Business Cases. The court believes this application was added as a default by the system administrator. This default has now been removed. Most importantly, the Business Court does not have its own clerk of court, and the reference to the Raleigh law clerk's email address was clear notice that the service was not on the Mecklenburg County Clerk of Superior Court.

{13}     Although the court is sympathetic to Plaintiff's argument for substantial compliance with Appellate Rule 3 if he, in actual fact, was misled into believing that he had filed his first notice of appeal with the "Clerk of Court" by his electronic filing, appellate decisions consistently hold that parties must file a notice of appeal with strict compliance with Appellate Rule 3(c). This court acknowledges that the appellate court may elect to hear an appeal even where some requirements of the Appellate Rules have not been strictly met. *See, e.g., Dogwood Dev. & Mgmt. Co.,* 362 N.C. at 197–201, 657 S.E.2d at 364–67 (distinguishing between jurisdictional and non-jurisdictional violations of Appellate Rules); *Lee v. Winget Rd., LLC*, 204 N.C. App. 96, 102, 693 S.E.2d 684, 689 (2010) (failure to serve notice of appeal upon all parties is a non-jurisdictional violation of Appellate Rule 3); *Stephenson v. Bartlett*, 177 N.C. App. 239, 241–42, 628 S.E.2d 442, 443–44 (2006) (collecting cases and holding failure to comply with Appellate Rule 3(d) did not divest Court of Appeals of jurisdiction to hear appeal). But the trial court is held to a strict construction of Appellate Rule 3. Failing to file a timely notice of appeal with the clerk of superior court is a jurisdictional failure which requires dismissal of the appeal. Without any clear guiding appellate precedent to the contrary, this court cannot overlook the plain language of Appellate Rule 3 that requires a notice

of appeal to be filed with the clerk of superior court within the time prescribed by Appellate Rule 3(c), which in this case is the Mecklenburg County Clerk of Superior Court. Because Plaintiff did not timely so file, the court must dismiss Plaintiff's appeal.

## III.   CONCLUSION

{14}   For the reasons expressed above, Defendants' Motion is GRANTED and Plaintiff's appeal of the court's Order on Plaintiff's Counsel's Renewed Fee Application is DISMISSED.

IT IS SO ORDERED this 16th day of July, 2014.