IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-194

Filed 07 February 2023

Wake County, No. 18CVS15437

JANU INC D/B/A STONECRAFTERS, AUM HOSPITALITY SERVICES, Plaintiffs,

v.

MEGA HOSPITALITY, LLC, MEGA-C HOSPITALITY, LLC, MEGA-B HOSPITALITY, LLC, MEGA-K HOSPITALITY, LLC, G.R. BHAT, and SUJATA BHAT, Defendants.

Appeal by defendant from judgment entered 13 September 2021 by Judge Rebecca W. Holt in Wake County Superior Court. Heard in the Court of Appeals 21 September 2022.

> *Stam Law Firm, PLLC, by R. Daniel Gibson, for the plaintiff-appellants.*
>
> *Currin & Currin, by George B. Currin, for the defendant-appellee.*
>
> *Robert A. Brady, for the defendant-appellee.*

TYSON, Judge.

Janu Inc. ("Plaintiff"), a North Carolina corporation, and Defendant, Mega K, LLC ("Mega K"), dispute the breach of a contract over the remodeling of a hotel Defendant owns. Defendant moved to dismiss for failure to state a claim in the complaint and for lack of personal jurisdiction. Defendant noticed a hearing regarding the motion to dismiss for failure to state a claim. Plaintiff vehemently objected to calendaring a hearing on jurisdiction prior to having received requested

jurisdictional discovery. The trial court ruled on both motions and concluded it lacked personal jurisdiction over Defendant. We affirm in part, vacate in part, and remand.

## I. Background

Plaintiff is a North Carolina corporation doing business as both Stonecrafters and AUM Hospitality Services. Plaintiff remodels hotels and supplies hotel furniture, fixtures, carpet, and craft stonework.

G.R. Bhat is the member-manager of Defendant, Mega K, which owns and operates a Days Inn hotel located in Hayes, Kansas. G.R. Bhat was a charter member of and initially held a 1% interest in Mega K on 3 March 2015. On 9 April 2015, a former member transferred his 69% membership interest in Mega K to G.R. Bhat. G.R. Bhat denies being listed as the registered agent for Mega K for any period of time.

G.R. Bhat resided in North Carolina from 2011 to 2017. He owned personal property and maintained his personal residence in Cary. G.R. Bhat used his personal address in Cary as Mega K's official mailing address during 2016 and 2017.

Plaintiff and G.R. Bhat allegedly reached an agreement to remodel Defendant's hotel and to also supply hotel furnishings and fixtures. Although the record does not contain a copy of a fully-integrated written contract between Plaintiff and Defendant, Defendant presumably believed an agreement existed based on the following information included in the record on appeal:

1. G.R. Bhat agreed via email to pay Plaintiff $116,062 for providing

lounge chairs for 104 hotel rooms. That email, sent on 10 March 2016, also acknowledged other costs Defendant would incur for Plaintiff's additional work and supplying products.

2. G.R. Bhat forwarded the contact information for the hotel's "Design Team" to stonecraftersnc@gmail.com on 13 March 2016.

3. G.R. Bhat agreed to pay a $13,520 deposit for draperies before Plaintiff ordered the window treatments in an email dated 19 March 2016.

4. Other emails mention substantial costs Plaintiff had incurred and Defendant agreed to pay for hotel furnishings, specifically including headboards, nightstands, writing desks, ergonomic chairs, artwork, carpet, and lighting, and other installation, painting, and shipping fees.

5. Defendant denied being indebted to Plaintiff in the interrogatories and asserted Plaintiff had "failed to deliver the products and/or services pursuant to the *agreement* between Mega K, LLC and [Plaintiff] and they are therefore in breach of the *agreement*." (emphasis supplied)

6. G.R. Bhat agreed to meet with Plaintiff in North Carolina to discuss several unpaid invoices. He mentioned meeting somewhere in the Raleigh area and promised to "be there with [his] checkbook."

7. Defendant admits on appeal that the "parties disagreed as to whether Plaintiff['s] renovation work at the Days Inn hotel was satisfactory and consistent with the *terms of their agreement*." (emphasis supplied)

8. Mega K mailed several checks to Plaintiff's address in North Carolina, and the invoices Plaintiff addressed to "G.R. Bhat" and "Mega K Hospitality" reference that North Carolina address in the header.

Defendant was displeased with Plaintiff's work, and Plaintiff alleged Defendant had failed to pay Plaintiff according to the terms of their agreement. Plaintiff filed a complaint on 18 December 2018, alleging breach of contract, an action on unverified account and for account stated, and asserting unjust enrichment.

Plaintiff believed G.R. Bhat had acted on behalf of an LLC named "Mega-K Hospitality, LLC," not "Mega K, LLC." When Plaintiff struggled to locate the intended Defendant, it brought forth a lawsuit against: (1) G.R. Bhatt, the person they negotiated the contract with; (2) G.R. Bhat's wife, Sujata Bhat; and, (3) all of the "Mega" businesses they could find associated with G.R. Bhat, including Mega Hospitality, LLC; Mega-C Hospitality, LLC; Mega-B Hospitality, LLC; and Mega-K Hospitality, LLC ("Defendants").

Plaintiff initially alleged the entities listed in their initial complaint operated as "shell corporations solely for the purposes of shielding themselves and their corporate alter egos from liability." Defendants moved to dismiss for failure to state a claim and lack of personal jurisdiction and sought attorney's fees on 9 July 2019.

After Plaintiff identified Mega K, LLC as the company it purportedly contracted with, Plaintiff amended its complaint to correct the misnomer on 8 October 2019. Defendants again moved to dismiss Plaintiff's amended complaint for failure

to state a claim and lack of personal jurisdiction on 16 December 2019. They also filed another motion for attorney's fees pursuant to N.C. Gen. Stat. § 6-21.5 (2021).

Defendants attempted to calendar a hearing on their motion to dismiss Plaintiff's claims for failure to state a claim *and* for lack of personal jurisdiction. Plaintiff responded to Defendant's request on 19 December 2019, stating: "I'm happy to hear your 12(b)(6) motion before receiving discovery. Much of my discovery request relates to the 12(b)(4) motion. Without that discovery, I have to object to hearing that part of your motion to dismiss."

Defendants brought forth a motion on 10 January 2020 for an extension to respond to Plaintiff's discovery requests, which the court granted.

Twenty-one days later, Defendants attempted, for the second time, to schedule a hearing on *both* motions. Plaintiff explained to Defendant:

> We must have different recollections of the phone call.
>
> My position on this has been consistent: I cannot agree to a hearing on your motion to dismiss for lack of personal jurisdiction until I have received discovery on that issue. I'm willing to waive the request for production of documents and the non-jurisdictional interrogatories. I cannot, in good faith to my client, agree to a hearing on a motion to dismiss for lack of personal jurisdiction when there is jurisdictional discovery outstanding.

Defendants' counsel appeared to comply. The "Calendar Request," submitted by Defendants on the same day they received Plaintiff's email, requested to calendar a hearing *only* on the motion to dismiss for failure to state a claim. Defendants

understood the "Calendar Request" was to only cover their motion to dismiss for failure to state a claim, because Defendants had confirmed via email that "the motion for attorney['s] fees [wa]s not calendared or scheduled for hearing."

On 7 February 2020, Plaintiff voluntarily dismissed Mega Hospitality, LLC, Mega-C Hospitality, LLC, Mega-B Hospitality, LLC, and Sujata Bhat, after Defendants' counsel represented all LLCs were adequately capitalized and not operating as shell entities.

The hearing on the remaining Defendants' motion to dismiss for failure to state a claim was held on 17 February 2020. At the hearing, Defendants nevertheless discussed personal jurisdiction before discussing their motion to dismiss for failure to state a claim: "[T]hen it dawned on me that they may not have personal jurisdiction and the court may not have personal jurisdiction over the actual party in controversy here, which is Mega K, LLC, in Kansas." Defendants' discussion prompted the trial court to ask Plaintiff about personal jurisdiction:

> THE COURT: Thank you. How do you say that you have personal jurisdiction over Mega K, LLC?
>
> [PLAINTIFF'S COUNSEL]: We're not here on that motion, but there's a few facts that we would present at that motion. We're also awaiting some jurisdictional discovery.
>
> . . .
>
> [S]aying, "Well, you can't prove personal jurisdiction; therefore, we should dismiss this complaint for failure to state a claim." Those are two different motions to dismiss. Those are two different standards. Those are two very

different considerations for the Court.

Two days after the hearing, Defendants submitted partial responses to Plaintiff's jurisdictional discovery requests. Defendants failed to answer seven interrogatories; partially answered some of the remaining interrogatories; and, included no official response to Plaintiff's requests for production or explanation about which requests for production each of the documents produced answered. Plaintiff filed a motion to compel Defendants to respond to Plaintiff's discovery requests on 26 August 2020.

Plaintiff voluntarily dismissed its claims against G.R. Bhat in August 2020, leaving Mega K, LLC as the only remaining Defendant. The trial court entered an order on 13 September 2021, *574 days after the hearing*, (1) granting Defendant's motion to dismiss for failure to state a claim, (2) denying Defendant's motion for attorney's fees, and (3) granting Defendant's motion to dismiss for lack of personal jurisdiction.

Plaintiffs moved that day to alter or amend the trial court's order, under North Carolina Rules of Civil Procedure Rule 59. The trial court never ruled on Plaintiff's motion. On 13 October 2021, Plaintiffs filed a timely notice of appeal. Plaintiff also withdrew its motion to alter or amend the trial court's order, because the trial court lacked jurisdiction to amend a final order pending appeal.

## II. Jurisdiction

This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b)(1)

(2021).

## III. Issues

Plaintiff argues: (1) the trial court lacked authority to decide the personal jurisdiction issue *sua sponte*; (2) the trial court deprived Plaintiff of due process by ruling on Defendant's motion to dismiss for lack of personal jurisdiction at a hearing held without prior notice and while jurisdictional discovery was pending; and (3) the trial court erred by finding it lacked personal jurisdiction over Defendant.

Defendant filed a cross-appeal, asserting: (1) the trial court erred by denying Defendant's motion for attorney's fees under N.C. Gen. Stat. § 6-21.5; and (2) if this Court holds the trial court erred by ruling on the uncalendared motion to dismiss for lack of personal jurisdiction at the hearing, then this Court should also hold the trial court erred by denying Defendant's uncalendared motion for attorney's fees.

## IV. Notice and Hearings on Uncalendared Motions

### A. Standard of Review

"Whether a party has adequate notice is a question of law, which we review *de novo*." *Swanson v. Herschel*, 174 N.C. App. 803, 805, 622 S.E.2d 159, 160 (2005) (citation omitted); *see also Brown v. Ellis,* 206 N.C. App. 93, 105, 696 S.E.2d 813, 822 (2010) (citing *Swanson*, 174 N.C. App. at 805, 622 S.E.2d at 160) (stating Rule 59 motions to amend an order are reviewed *de novo* if the judgment involves a question of law or legal inference).

### B. Analysis

"Notice and an opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution and Article 1, section 17, of the North Carolina Constitution." *Swanson*, 174 N.C. App. at 805, 622 S.E.2d at 160-61 (citations and quotation marks omitted).

Forty-three years ago this Court held:

> Although, once a court has obtained jurisdiction in a cause through the service of original process, a party has no constitutional right to demand notice of further proceedings in the cause, *the law does not require parties to dance continuous or perpetual attendance* on a court simply because they are served with original process.
>
> The law recognizes that it must make provision for notice additional to that required by the law of the land and due process of law if it is to be a practical instrument for the administration of justice. *For this reason, the law establishes rules of procedure* admirably adapted to secure to a party, who is served with original process in a civil action or special proceeding, an opportunity to be heard in opposition to steps proposed to be taken in the civil action or special proceeding where he has a legal right to resist such steps[,] and principles of natural justice demand that his rights be not affected without an opportunity to be heard.

*Laroque v. Laroque*, 46 N.C. App. 578, 581, 265 S.E.2d 444, 446 (citation and quotation marks omitted) (emphasis supplied); *see also Swanson*, 174 N.C. App. at 805, 622 S.E.2d at 160-61 ("Notice is adequate if it is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (citations and quotation

marks omitted).

The North Carolina Rules of Civil Procedure and the local rules of practice specific to each county or judicial district establish procedural rules requiring prior notice to litigants to protect their due process rights. *Brown*, 206 N.C. App. at 107, 696 S.E.2d at 823 (citing *Laroque*, 46 N.C. App. at 581, 265 S.E.2d at 446) ("Therefore, even though service of the summons and complaint on the defendant gave the court jurisdiction over defendant, due process still requires compliance with procedural rules governing notice."); *see also* N.C. Gen. R. Prac. Super. & Dist. Ct. 22(a) ("Local rules of practice and procedure for a judicial district must be supplementary to, and not inconsistent with, the General Rules of Practice. Local rules should be succinct and not unnecessarily duplicative of statutes or Supreme Court rules.").

Rule 6(d) of the North Carolina Rules of Civil Procedure provides:

> **For motions, affidavits.** – A written motion, other than one which may be heard ex parte, *and notice of the hearing* thereof shall be served *not later than five days before the time specified for the hearing*, unless a different period is fixed by these rules or by order of the court.

N.C. Gen. Stat. § 1A-1, Rule 6(d) (2021) (emphasis supplied).

The Tenth Judicial District Local Rules for Civil District Court also provides:

> Any party requesting that a motion or non-jury trial be calendared must submit a completed calendar request (WAKE-CVD-01) to the Trial Court Administrator. . . . Under appropriate circumstances, the Trial Court Administrator may set a motion for hearing at any time so long as the notice requirements of Rule (6) (d) of the Rules of Civil Procedure are satisfied or all parties consent. . . .

> Calendar requests must be served on counsel for all opposing parties and any self-represented person contemporaneously with submission of the calendar request to the Trial Court Administrator."

Tenth Jud. Dist. Loc. R. 3.2.

If a party has no prior required notice of a hearing on a motion, judgment on the motion is irregular, and action thereon is not binding. *See Everett v. Johnson*, 219 N.C. 540, 542, 14 S.E.2d 520, 521 (1941) ("It is readily conceded that the judgment should be set aside for irregularity, if in fact counsel . . . had no notice of the time and place of the hearing."). "An irregular judgment is one entered contrary to the usual course and practice of the court, and [it] will be vacated on proper showing of irregularity and merit." *Id.* (citations omitted).

In *Howell v. Howell*, this Court vacated a trial court's order because the defendant did not receive proper notice of the hearing pursuant to Rule 6 of the North Carolina Rules of Civil procedure. 22 N.C. App. 634, 636-37, 207 S.E.2d 312, 314 (1974) (explaining "Rule 6(d) of the Rules of Civil Procedure requires that motions . . . be served on the opposing party not later than five days before the time specified for the hearing," and thus it was "erroneous for the trial court to continue the hearing because of the lack of adequate notice, and the orders entered must be vacated"). Although the defendant in *Howell* "could have waived the lack of notice and proceeded with the hearing," his actions did not constitute a waiver. *Id.* at 637, 207 S.E.2d at 314. "Rather, he appeared at the hearing, notified the court that he

had not received adequate notice, that he was not prepared, and objected to the hearing on the grounds of lack of notice." *Id.*

Here, Defendant failed to provide the required prior notice regarding its intention for the court to hear personal jurisdiction at the hearing, as is required under Rule 6(d) of the North Carolina Rules of Civil Procedure and under the Tenth Judicial District Local Rules for Civil District Court Rule 3.2. Defendant knew Plaintiff was not prepared to discuss personal jurisdiction prior to receiving jurisdictional discovery. Defendant had moved for an extension to provide requested jurisdictional discovery *after* the hearing. Plaintiff and Defendant also exchanged numerous emails regarding Plaintiff's refusal to consent to calendaring a hearing concerning the motion to dismiss for personal jurisdiction.

Plaintiff did not waive the lack of notice defect by participating in the hearing. Plaintiff immediately notified the trial court that the motion for lack of personal jurisdiction was not calendared before the court, as similar to the defendant in *Howell*. *Id.*; *see also Ayscue v. Griffin*, 263 N.C. App. 1, 11, 823 S.E.2d 134, 141 (2018) (holding plaintiff's motion for reconsideration should have been allowed because the trial court only indicated it would rule on the issue "at the end of the hearing" and the "hearing on Plaintiffs' motion was only calendared to consider Plaintiffs' motion *in limine*").

The judgment entered on Defendant's motion to dismiss for lack of personal jurisdiction was irregular. *Everett*, 219 N.C. at 542, 14 S.E.2d at 521. That portion of

the trial court's order is vacated.

## V.    Personal Jurisdiction

Plaintiff also argues the trial court erred as a matter of law by finding it lacked personal jurisdiction over Defendant.  N.C. Gen. Stat. § 1-75.7 (2021) provides: "A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person: (1) Who makes a general appearance in an action[.]"

In addition to making a general appearance, "it is well established that seeking affirmative relief from a court on any basis other than lack of jurisdiction constitutes a waiver of jurisdictional objections." *Farm Credit Bank v. Edwards*, 121 N.C. App. 72, 77, 464 S.E.2d 305, 308 (1995) (citation omitted); *see also In re J.T.*, 363 N.C. 1, 4, 672 S.E.2d 17, 18 (2009) (explaining "any form of general appearance waives all defects and irregularities in the process and gives the court jurisdiction") (citation and internal quotation marks omitted).

Here, Defendant waived any jurisdictional objections by calendaring a hearing and seeking affirmative relief from the trial court on its motions to dismiss for failure to state a claim and for attorney's fees. *Id.*  The trial court erred by failing to exercise personal jurisdiction over Defendant and dismissing Plaintiff's claims.

## VI.    Attorney's Fees

Defendant similarly argues the trial court's denial of attorney's fees should be vacated because the attorney's fees motion was not calendared for the hearing.

Our General Statutes provide:

> In any civil action, special proceeding, or estate or trust proceeding, the court, upon motion of the *prevailing party*, may award a reasonable attorney's fee to the *prevailing party* if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading.

N.C. Gen. Stat. § 6-21.5 (2021) (emphasis supplied).

We need not address whether the trial court's order denying Defendant's attorney's fees motion should be vacated as an irregular judgment, because Defendant is not a prevailing party and fails to meet the cypress requirements of N.C. Gen. Stat. § 6-21.5. *Id.* Defendant's argument is overruled.

## VII.    Conclusion

Defendant failed to comply with the prior notice requirements when calendaring the hearing. *Everett*, 219 N.C. at 542, 14 S.E.2d at 521; N.C. Gen. Stat. § 1A-1 Rule 6(d); Tenth Jud. Dist. Loc. R. 3.2. The judgment entered upon Defendant's motion to dismiss for lack of personal jurisdiction was not properly noticed and is vacated.

Defendant moved for and calendared a hearing for its motions to dismiss for failure to state a claim under Rule 12(b)(6) and for attorney's fees, waiving any jurisdictional objections. Any objection to jurisdictional defects are waived when a party makes a general appearance or invokes and seeks a court's ruling on non-jurisdictional issues. *Farm Credit Bank*, 121 N.C. App. at 77, 464 S.E.2d at 308; *In*

*re J.T.*, 363 N.C. at 4, 672 S.E.2d at 18.  The trial court's conclusion it lacked personal jurisdiction over Defendant is also vacated.

Defendants are not prevailing parties under N.C. Gen. Stat. § 6-21.5.  The trial court's denial of Defendant's attorney's fees is affirmed.  *It is so ordered.*

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Judges CARPENTER and WOOD concur.