VIVIAN LAMB THOMPSON v. FREDDIE W. THOMPSON

No. 7410DC113

(Filed 3 April 1974)

1. **Judgments § 25— party served with process — duty to determine time of trial**

   A party to a legal action who has been duly served with process is bound to keep himself advised as to the time and date his cause is calendared for trial or hearing; and when a case is listed on the court calendar, he has notice of the time and date of the hearing.

2. **Courts § 2; Divorce and Alimony § 22— jurisdiction — person served with process — failure to appear at hearings**

   The trial court had jurisdiction to enter orders in an action for child custody and support, although defendant was not represented

by counsel and did not appear at any of the hearings, where defendant was served with process at the inception of the action, the case was properly calendared for hearing, and a copy of each calendar on which the action appears calendared for trial was mailed to defendant at his last address available to the Clerk of Court.

APPEAL from *Barnette, District Judge,* 14 August 1973 Session of WAKE County District Court. Argued in the Court of Appeals 20 February 1974.

On 2 July 1971, plaintiff filed a complaint asking for custody and support of minor children, subsistence pendente lite, and counsel fees. The parties stipulated that defendant was served with process on 10 August 1971 by a Wake County Deputy Sheriff. The case was docketed for hearing on Tuesday, 14 September 1971, at 2:30 p.m., and it appeared on the court calendar for the Session of Wake County District Court beginning 13 September 1971. Defendant was not represented by counsel and did not appear at the hearing.

On 21 September 1971, Judge Barnette entered an order providing for the custody and support of the minor children. On 12 November 1971, 22 November 1971, 30 November 1971, and 14 August 1973, Judge Barnette entered additional orders with respect to the custody and support of the minor children and defendant's noncompliance with the previous orders of the court. The record does not reveal that defendant was either represented by counsel or physically present at any of the hearings presided over by Judge Barnette.

On 24 August 1973, defendant gave notice of appeal to the Court of Appeals from all orders entered by Judge Barnette. Following notice of appeal, District Judge Winborne ordered a continuance, pending appeal, of a hearing on plaintiff's motion that defendant show cause why he should not be held in contempt, post bond, and pay arrearages in support.

*George M. Anderson for plaintiff appellee.*

*Carl E. Gaddy, Jr., for defendant appellant.*

MORRIS, Judge.

Defendant's contention is that the orders of Judge Barnette should be vacated inasmuch as the court did not have jurisdiction. The notice of appeal was filed by defendant on 24 August 1973, so it is sufficient to present for review the

Thompson v. Thompson

order of 14 August 1973. We do not determine the sufficiency of the notice of appeal with regard to the orders of Judge Barnette prior to that of 14 August 1973. We will, however, review the prior orders irrespective of the timeliness of appeal notice since the appeal is based on a question of jurisdiction.

The parties have stipulated that defendant was in fact served with the original process on 14 August 1971. Thus, it remains only for us to determine whether the docketing of an action constitutes notice to a litigant who has been served with the original process.

[1]  A party to a legal action, having been duly served with process, is bound to keep himself advised as to the time and date his cause is calendared for trial for hearing; and when a case is listed on the court calendar, he has notice of the time and date of the hearing. *Craver v. Spaugh,* 226 N.C. 450, 38 S.E. 2d 525 (1946) ; *Cahoon v. Brinkley,* 176 N.C. 5, 96 S.E. 650 (1918), where the Court said:

> "Even when he has employed counsel, he cannot abandon all attention to the case (citation omitted), and in this case the defendant well knew he had no counsel. It has also been held that one who has been made party to an action by summons is fixed with notice of all orders and proceedings taken in open court. *Le Duc v. Slocomb,* 124 N.C. 347." Id., at 8.

[2]  The record shows that defendant was served with process at the inception of the action. The record shows as well that the case was properly calendared for hearing. We note that it is now, and has long been, the practice in Wake County that when a party to an action does not have counsel, a copy of each calendar on which his action appears calendared for trial is mailed to him at the last address available to the Clerk. We have no reason to believe that this customary and quite appropriate practice was not followed in this case. Indeed, it appears from plaintiff's affidavits that defendant was aware of orders entered and stated his intention not to comply with them. Defendant will not be permitted to frustrate the trial of the case or avoid the duties imposed by orders entered by merely declining or refusing to attend trial. He has been afforded proper legal notice of the orders of the District Court which he now seeks to have declared null and void.

The cause is remanded for hearing on plaintiff's motion that defendant be adjudged in contempt, which hearing was continued by Judge Winborne pending determination of defendant's appeal.

Remanded for hearing.

Chief Judge BROCK and Judge CARSON concur.