WALTER DUNN LAROQUE IV v. CATHERINE HOLM LAROQUE

No. 798DC1024

(Filed 6 May 1980)

**Judgments § 19.1; Rules of Civil Procedure § 60.2; Trial § 1— improper calendaring of case—absence of notice—irregular judgment—meritorious defense—setting aside judgment**

A divorce judgment was irregular because it was rendered in violation of the rules of practice concerning notice of the calendaring of a case for trial where plaintiff's attorney failed to send defendant a copy of the calendar request or certificate of readiness required by Rule 2(d) of the General Rules of Practice for the Superior and District Courts for the cases calendared earlier

than five months after the complaint is filed, and defendant received no notice of the trial which was held one day after her answer was filed and thirty days after the complaint was served. Therefore, defendant's motion to set aside the divorce judgment pursuant to Rule 60(b)(6) should have been allowed where plaintiff showed a meritorious defense to the divorce based on a separation for one year in that plaintiff and defendant had not lived continuously separate and apart for one year.

APPEAL by defendant from *Hardy, Judge.* Judgment entered 16 July 1979 in District Court, LENOIR County. Heard in the Court of Appeals 21 March 1980.

On 6 April 1979 plaintiff filed a complaint seeking an absolute divorce on the grounds of a one year separation which had begun on 1 April 1978. Defendant was served by registered mail in Maryland where she was residing on 9 April 1979. On 19 April 1979, plaintiff filed a calendar request with the Clerk of Superior Court in Lenoir County. In spite of the fact that no answer had been filed, the calendar request certified that "this request is not premature and that the case is ready for the hearing or trial requested" and requested that the divorce hearing be set for the 9 May 1979 session of Lenoir County District Court. The case was scheduled and printed in the calendar for trial on 9 May 1979 as plaintiff requested.

On 5 May 1979 defendant, unrepresented by an attorney, timely mailed her answer denying a continuous separation for one year, to plaintiff's attorney, who received it on 8 May 1979 and who filed the answer in the clerk's office on the same day. On the following day, 9 May 1979, the matter was heard without defendant's being either present or represented at the hearing. At the hearing, plaintiff introduced a statement made by the defendant in answer to a question contained in a Uniform Reciprocal Enforcement Support Act proceeding to the effect that plaintiff had last lived with defendant in April, 1978. A judgment of absolute divorce was rendered for plaintiff on grounds of one year separation.

On 15 June 1979, defendant filed a Rule 60(b) motion to set aside the judgment on grounds of excusable neglect and any other reason justifying relief. Both grounds are based on the fact that the hearing took place one day after defendant timely filed her answer and with no notice having been given to defendant of the date of the hearing. Defendant alleged a meritorious defense in

that plaintiff and defendant had not been living continuously separate and apart since 1 April 1978 but there had been several cohabitations after that date. Defendant further alleged that she had filed an action for divorce from bed and board in Maryland against plaintiff but was unable to obtain service. Additionally defendant moved pursuant to Rule 15 to be allowed to amend her answer to ask for the custody of their minor child, divorce from bed and board, alimony and counsel fees *pendente lite*, child support, division of personal property and other matters to which defendant would be entitled in the action.

From the order denying defendant's Rule 60 motion for relief from judgment of absolute divorce, defendant appealed.

*Gerrans and Spence, by William D. Spence, for plaintiff appellee.*

*Perry, Perry & Perry, by Warren S. Perry and E. B. P. Worthington, for defendant appellant.*

MARTIN (Robert M.), Judge.

The issue dispositive of this appeal is whether the court erred in its conclusion that defendant has shown no right to relief from the judgment of absolute divorce.

Subject to the provisions of Rule 40(a), N.C. Rules of Civ. Proc. and G.S. § 7A-146, the calendaring of civil cases is controlled by Rule 2 of the General Rules of Practice for the Superior and District Courts. Rule 2 provides that a ready calendar shall be maintained by the Clerk of Court and that five months after a complaint is filed the clerk shall place that case on the ready calendar. From the ready calendar a tentative calendar shall be prepared and shall be mailed to each attorney of record four weeks before the first day of court. A final calendar shall likewise be prepared and mailed to each attorney of record no later than two weeks prior to the first day of court. Rule 2(d) requires that "[w]hen an attorney desires a case placed on the ready calendar earlier than five months after complaint is filed, he shall file a certificate of readiness with the clerk, with copy to opposing counsel. The clerk shall immediately place said case on the ready calendar." Thus the rule contemplates that systematic notice of the calendaring of a case be given to a party at each stage of the calendaring process.

Although, once a court has obtained jurisdiction in a cause through the service of original process, a party has no constitutional right to demand notice of further proceedings in the cause, the law does not require parties to "dance continuous or perpetual attendance" on a court simply because they are served with original process.

> "The law recognizes that it must make provision for notice additional to that required by the law of the land and due process of law if it is to be a practical instrument for the administration of justice. For this reason, the law establishes rules of procedure admirably adapted to secure to a party, who is served with original process in a civil action or special proceeding, an opportunity to be heard in opposition to steps proposed to be taken in the civil action or special proceeding where he has a legal right to resist such steps and principles of natural justice demand that his rights be not affected without an opportunity to be heard." (Citations omitted.)

*Collins v. Highway Commission*, 237 N.C. 277, 281, 74 S.E. 2d 709, 713 (1953). Rule 2 of the Rules of Practice, by requiring notice of the calendaring of a case, secures to a party the opportunity to prepare his case for trial and to be present for trial or to seek a continuance. Although the rule specifies that the calendar be sent to each attorney of record and that the copy of the certificate or readiness be sent to opposing counsel, it is implicit in the rule that where a party is not represented by counsel he is entitled to the same notice. We note that it has long been the practice in this State that when a party to an action does not have counsel, a copy of each calendar on which his action appears calendared for trial is mailed to him at the last address available to the Clerk. *See, e.g., Thompson v. Thompson*, 21 N.C. App. 215, 203 S.E. 2d 663, *cert. denied* 285 N.C. 596, 205 S.E. 2d 727 (1974).

In the case *sub judice*, a copy of the calendar request or certificate of readiness was not sent to defendant as required by Rule 2(d) when an attorney desires a case placed on the ready calendar earlier than five months after the complaint is filed. Nor is there anything in the record to show that there was a trial calendar mailed to defendant. Defendant received no notice of the trial which was held one day after her answer was filed and 30 days after the complaint was served.

We have often stated that a party to a legal action, having been duly served with process, is bound to keep himself advised as to the time and date his cause is calendared for trial for hearing; and when a case is listed on the court calendar, he has notice of the time and date of the hearing. *Craver v. Spaugh*, 226 N.C. 450, 38 S.E. 2d 525 (1946); *Equipment Co. v. Albertson*, 35 N.C. App. 144, 240 S.E. 2d 499 (1978); *Thompson v. Thompson*, 21 N.C. App. 215, 203 S.E. 2d 663, *cert. denied*, 285 N.C. 596, 205 S.E. 2d 727 (1974). However, in each of those cases, a close examination of the facts reveals that the party or his attorney was sent a copy of the calendar on which his action appeared. The controlling fact in each case was neglect and inattention by the party or his counsel. There is no such neglect of her lawsuit by the defendant in the present case. Furthermore, were we to apply the rule of constructive notice, that when a case is listed on the court calendar, a party has notice of the time and date of hearing, such a rule bends to embrace common sense and fundamental fairness. *See Hagins v. Redevelopment Comm.*, 275 N.C. 90, 165 S.E. 2d 490 (1969). We think common sense and fundamental fairness required that before the divorce could be granted, notice be given defendant of the trial when the trial was had one day after an answer was filed by the out-of-state defendant who had no reason to know that the case had been listed on the calendar.

We hold that the judgment in the present case is irregular because it was rendered in violation of the rules of practice respecting procedural notice of the calendaring of the case for trial. *Collins v. Highway Commission*, 237 N.C. 277, 74 S.E. 2d 709 (1953). Defendant has shown meritorious defense to the divorce based on one year separation in that plaintiff and defendant had not been living continuously separate and apart during the year beginning 1 April 1978. Defendant's motion to set aside the judgment pursuant to Rule 60(b)(6) should have been allowed. The court's order denying defendant's motion is reversed and the matter remanded to district court for consideration of defendant's motion to amend the answer and for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges CLARK and ERWIN concur.