An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1067

Filed: 1 September 2015

Hoke County, No. 12 CVS 863

DAVID PURCELL, Plaintiff,

v.

OLD MILL STREAM NURSERY & LANDSCAPING, INC. and CARDINAL LANDSCAPING, INC., Defendants.

Appeal by plaintiff from order entered 9 June 2014 by Judge Thomas H. Lock in Hoke County Superior Court. Heard in the Court of Appeals 18 February 2015.

> *Law Office of Matthew C. Phillips, PLLC, by Matthew C. Phillips, for plaintiff-appellant.*
>
> *Brown, Crump, Vanore & Tierney, L.L.P., by Andrew A. Vanore, III, for defendant-appellee Old Mill Stream Nursery & Landscaping, Inc.*
>
> *Dean & Gibson, PLLC, by Clay A. Campbell, for defendant-appellee Cardinal Landscaping, Inc.*

GEER, Judge.

Plaintiff David Purcell failed to appear when his case against defendants Old Mill Stream Nursery & Landscaping, Inc. and Cardinal Landscaping, Inc. was called for trial on 21 January 2014. The trial court entered an order granting Old Mill's motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Rules of Civil

Procedure, and dismissing the case with prejudice. Plaintiff appeals from an order denying his Rule 60(b) motion to set aside the order dismissing his case.

On appeal, defendant argues that he did not have notice that Old Mill's motion to dismiss would be heard on 21 January 2014 because the Notice of Hearing stated that the motion would be heard on 27 January 2014. Regardless of when Old Mill's motion was scheduled to be heard, plaintiff does not dispute that the case was calendared for trial on 21 January 2014 and that the court administrator mailed plaintiff a notice of the 21 January 2014 trial date. Although plaintiff did not actually open his mail until the 21 January 2014 court date had passed, this Court has held that a party to a lawsuit must give it the attention a prudent man gives to matters of importance, and that a party has notice of the date and time of trial when the case is listed on the court calendar. Because plaintiff had adequate notice of the 21 January 2014 trial date, but failed to appear, we hold that the trial court did not abuse its discretion by denying his motion to set aside the order of dismissal.

## Facts

On 21 December 2012, plaintiff filed a complaint against Old Mill Stream Nursery & Landscaping, Inc. seeking damages incurred as a result of his slip and fall on a patch of black ice in the parking lot of an RBC Bank in Fayetteville, North Carolina on 27 December 2010. The complaint alleged that the RBC Bank had contracted with Old Mill Stream to keep all parking lots, walkways, and entrances

free of ice and snow, but the company failed to do so. Plaintiff asserted claims for negligence and breach of contract.

On 28 May 2013, plaintiff filed an amended complaint, adding Cardinal Landscaping, Inc. as a defendant. The amended complaint alleged that Old Mill subcontracted with Cardinal Landscaping to remove the snow and ice from the RBC parking lot on 26 and 27 December 2010 and that due to defendants' poor workmanship there were dangerous patches of ice left in the parking lot and on sidewalks leading to the bank's entrance. Plaintiff, a letter carrier working for the U.S. Postal Service, entered the parking lot to deliver mail. As plaintiff stepped from his truck and started walking towards the bank, he slipped on black ice and landed hard on the steel step of his truck and the ground, injuring his neck, back and shoulder. Old Mill filed an answer to the amended complaint on 12 August 2013, and Cardinal Landscaping filed its answer on 23 September 2013.

On 10 January 2014, Old Mill filed a motion pursuant to Rule 41(b) of the Rules of Civil Procedure to dismiss plaintiff's complaint, with prejudice, for failure to prosecute. On the same day, Old Mill filed a Notice of Hearing indicating that the motion would be heard on 27 January 2014. Old Mill served plaintiff with a copy of the Motion and Notice of Hearing by depositing a copy of the papers in the United States Mail postage prepaid and addressed to plaintiff and his counsel of record. However, on or about 13 or 15 January 2014, plaintiff's counsel withdrew.

On 21 January 2014, plaintiff's case came on for trial, and plaintiff did not appear. Counsel for Old Mill appeared, and Judge Ola M. Lewis heard Old Mill's Motion to Dismiss for Failure to Prosecute. On 14 February 2014, the trial court entered an order granting Old Mill's motion and dismissing the action with prejudice. On 27 January 2014, plaintiff appeared in court, and a court clerk advised him that his case had been dismissed on 21 January 2014. On 6 February 2014, plaintiff filed a "Motion to Reopen Case" on the grounds that he did not have actual or constructive notice of the 21 January 2014 hearing.

A hearing was held on plaintiff's motion on 19 May 2014 before Judge Thomas H. Lock. The trial court, without objection, treated Plaintiff's motion as seeking relief pursuant to Rule 60(b)(6) of the Rules of Civil Procedure. On 9 June 2013, the trial court entered an order denying plaintiff's motion. Plaintiff timely appealed the order to this Court.

<u>Discussion</u>

The sole issue on appeal is whether the trial court erred in denying plaintiff's Rule 60(b) motion to set aside the 14 February 2014 order dismissing plaintiff's action with prejudice. "[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975). "A trial court is not required to make written findings of fact when ruling

on a Rule 60(b) motion, unless requested to do so by a party." *Creasman v. Creasman*, 152 N.C. App. 119, 124, 566 S.E.2d 725, 729 (2002). " 'Where the trial court does not make findings of fact in its order denying the motion to set aside the judgment, the question on appeal is whether, on the evidence before it, the court could have made findings of fact sufficient to support its legal conclusion[.]' " *Id.* (quoting *Grant v. Cox*, 106 N.C. App. 122, 125, 415 S.E.2d 378, 380 (1992)).

Plaintiff argues that the trial court erred in denying his motion to set aside the 14 February 2014 order because plaintiff did not have notice that Old Mill's Rule 41(b) Motion to Dismiss for Failure to Prosecute would be heard on 21 January 2014. Defendants do not dispute that the Notice of Hearing stated that the motion would be heard on 27 January 2014, but they point out that the case was set for trial on 21 January 2014 and duly calendared.

Consistent with defendants' argument, the 14 February 2014 order stated that the matter was "*coming on for Trial* and for hearing at the January 21, 2014, Hoke County Civil Superior Court session[.]" (Emphasis added.) At the hearing on plaintiff's Rule 60 motion, counsel for Old Mill stated that on 15 January 2014, the trial court administrator had mailed plaintiff a copy of the trial calendar with a notice that the trial was set for 21 January 2014 addressed to his post office box, and it was not returned to her. Plaintiff admitted at the hearing that he had in fact received a letter notifying him of trial on 21 January 2014, but he did not open the letter until

after the trial date had passed.  He also admitted that he does not check his post office box every day.

This Court has held that "the court may give relief from a judgment pursuant to Rule 60(b)(6) if the party making the motion has not had notice that the case was duly calendared."  *Windley v. Dockery*, 95 N.C. App. 771, 773, 383 S.E.2d 682, 683 (1989).  However, " '[a] party to a legal action, having been duly served with process, is bound to keep himself advised as to the time and date his cause is calendared for trial for hearing; and when a case is listed on the court calendar, he has notice of the time and date of the hearing.' "  *Dalgewicz v. Dalgewicz*, 167 N.C. App. 412, 420, 606 S.E.2d 164, 169 (2004) (quoting *Thompson v. Thompson*, 21 N.C. App. 215, 217, 203 S.E.2d 663, 665 (1974)).  As this Court explained:

> "This Court has held that [w]hen a man has business in court, the best thing he can do is to attend it[,] and this has been often quoted and reaffirmed.  It has also been held that [a] litigant must pay the same attention to a case in court that any one would give to business of importance.  Even when he has employed counsel, he cannot abandon all attention to the case, and in this case the defendant well knew he had no counsel."

*Id.*, 606 S.E.2d at 169-70 (quoting *Cahoon v. Brinkley*, 176 N.C. 5, 7-8, 96 S.E. 650, 651 (1918)).  Further, " '[i]t has long been the practice in this State that when a party to an action does not have counsel, a copy of each calendar on which his action appears calendared for trial is mailed to him at the last address available to the Clerk.' "  *Id.*,

606 S.E.2d at 169 (quoting *Laroque v. Laroque*, 46 N.C. App. 578, 581, 265 S.E.2d 444, 446 (1980)).

Here, the record indicates that the 21 January 2014 trial date was duly calendared. Defendants assert, and plaintiff does not dispute, that the trial court administrator mailed plaintiff notice of the trial date on 15 January 2014. Plaintiff acknowledges that he received the notice -- his failure to appear in court was due to his failure to timely open the notice and thus his own failure to pay attention to his case. *See id.* at 421, 606 S.E.2d at 170 (holding defendant received adequate notice of all equitable distribution hearings where "plaintiff's counsel took every reasonable step to serve defendant properly, including sending correspondence via certified mail to an address provided by defendant's counsel, kept on record at the Clerk's office, and used by defendant to receive other forms of correspondence" and where "[a]n employee of the 28th Judicial District served defendant notice of the trial court calendar via those methods approved by the Buncombe County Trial Court Administrator's office").

Consequently, we hold that the trial court did not abuse its discretion in denying plaintiff's Rule 60(b) motion to set aside the order dismissing his case for failure to prosecute. *See Chris v. Hill*, 45 N.C. App. 287, 290-91, 262 S.E.2d 716, 719 (1980) (holding trial court did not abuse its discretion in denying Rule 60(b)(1) motion to set aside judgment where defendant received adequate notice of trial date and

evidence supported trial court's finding that defendant's failure to appear was not excusable).

AFFIRMED.

Judges ELMORE and INMAN concur.

Report per Rule 30(e).