IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-402

No. COA20-32

Filed 3 August 2021

Rowan County, No. 18-CVS-699

GERALD STEVEN SPRINKE, JR., Plaintiff,

v.

MATTHEW JOHNSON, Defendant.

Appeal by defendant from order and judgment entered 17 June 2019 and 1 July 2019 by Judge Anna Mills Wagoner in Rowan County Superior Court. Heard in the Court of Appeals 11 May 2021.

*Lisa Costner for plaintiff-appellee.*

*Collins Family Law Group, by Rebecca K. Watts, for defendant-appellant.*

GORE, Judge.

¶ 1     Gerald Steven Sprinkle, Jr., ("plaintiff") filed suit against Dr. Matthew Johnson ("defendant") for alienation of affection and criminal conversation, alleging that defendant engaged in a romantic relationship and sexual acts with his wife Jana Sprinkle ("Mrs. Sprinkle"). Following a jury trial, at which defendant was neither present nor represented by counsel, judgment was entered awarding plaintiff a total of $2,294,000.00 in compensatory and punitive damages from defendant. Upon

review, we conclude that defendant did not have notice of trial and vacate and remand the judgment against him.

## I. Factual and Procedural Background

¶ 2    Mrs. Sprinkle worked at defendant's oral surgery practice in Mooresville, North Carolina, for seventeen years as a surgical assistant. Over a period of four years during her employment, defendant and Mrs. Sprinkle engaged in a romantic and sexual relationship.

¶ 3    In 2014, defendant initiated sexually explicit conversation with Mrs. Sprinkle and touched her bottom at work. As the affair progressed, defendant provided Mrs. Sprinkle with Adderall, a cell phone for communicating with him, and the two met at hotel rooms and his house on Lake Norman to have sexual intercourse. The affair came to a halt when another employee discovered a photograph on defendant's phone of Mrs. Sprinkle participating in a sexual act with him. That photograph was eventually seen by Mrs. Sprinkle's cousin. Mrs. Sprinkle then told her husband, plaintiff, about the affair. While plaintiff and Mrs. Sprinkle decided to reconcile, the affair resulted in Mrs. Sprinkle's loss of employment, and plaintiff sought mental health treatment and incurred related expenses.

¶ 4    On 23 March 2018, plaintiff filed suit against defendant for alienation of affection and criminal conversation. Plaintiff properly served defendant with the complaint at his business address on Medical Park Road in Mooresville. Plaintiff

alleged that defendant and Mrs. Sprinkle engaged in sexual intercourse on multiple occasions in North Carolina during the marriage, and defendant's actions interfered with a genuine love and affection that existed in the marital relationship between them.

¶ 5     Upon receiving service of the complaint on 3 May 2018, defendant hired an attorney and was granted a thirty-day extension to file an answer. Defendant filed an answer on 5 July 2018 and also filed motions to dismiss and bifurcate. Those filings were later amended and refiled on 24 July 2018.

¶ 6     The parties and their respective counsel participated in court-ordered mediation on 11 January 2019. The filed Report of Mediator in Superior Court Civil Action represented that the parties settled the dispute and arrived to an "agreement on all issues." The report stipulated that plaintiff's attorney would file a notice of dismissal no later than 30 June 2019. The mediator notified the trial court that the matter had been settled in mediation, but it could not be dismissed before the end of June as to allow defendant requisite time to pay the agreed upon amount. The mediator's report did not specify the agreement's substantive terms. The only indication of the agreement reached in mediation is evidenced in a nearly illegible handwritten note authored by plaintiff's attorney. The note's only decipherable writing is its apparent title of "Agreement 1/11/19." There is no further indication as to what the parties agreed to, nor the extent to which those terms were mutually

abided by.

¶ 7    Defendant's counsel moved to withdraw from representation in the matter on 22 March 2019, citing defendant's lack of communication, contempt towards his legal advice, and failure to procure payment for legal fees. The motion to withdraw as counsel was granted by a court order on 15 April 2019. In a certificate of service attached to that motion, counsel certified that he had served defendant with both the motion and the notice of hearing regarding the same by mail sent to an address on Beaten Path Road in Mooresville. Defendant's attorney believed this to be the correct mailing address.

¶ 8    On 17 June 2019, the trial court entered a Pre-Trial Order without holding a pre-trial conference. The Pre-Trial Order contained stipulations and agreements but was not signed by defendant or an attorney representing him. The Order was signed by only plaintiff's attorney and the trial court. The Order states that plaintiff's attorney, after due diligence, was unable to arrange a time with defendant for a pre-trial conference.

¶ 9    The trial was conducted from 24 June to 25 June 2019 before a jury in Rowan County Superior Court. Defendant was neither present at trial nor represented by counsel. On 25 June 2019, the jury rendered a verdict for plaintiff in the amount of $794,000.00 in compensatory damages and $1,500,000.00 in punitive damages, for a total award of $2,294,000.00. The trial court entered judgment reflecting the jury

verdict on 1 July 2019.

¶ 10        Later, defendant was contacted by a reporter who inquired about the verdict against him. Defendant claims that, until that moment, he was unaware the trial had been held or that a judgment had been entered. He then hired new counsel who obtained the court file, where he first learned that his previous attorney had withdrawn. Defendant claims he also learned of the Pre-Trial Order, the trial date, and the $2,294,000.00 judgment from the court file.

¶ 11        On 11 July 2019, Defendant's attorney filed a motion pursuant to Rules 59 and 60 of the North Carolina Rules of Civil Procedure (hereinafter, "Rule 59/60 motion"), requesting a new trial. In the alternative, Defendant requested relief from the Pre-Trial Order, the judgment entered, or a new pre-trial conference. Plaintiff filed a response to that motion, and a motion for sanctions pursuant to Rule 11 of the North Carolina Rules of Civil Procedure.

¶ 12        In an affidavit, defendant stated that although he formerly resided at the Beaten Path Road address, he moved from that property around or before November 2018. He further stated that in December 2018 and January 2019, he informed his attorney that he had moved and was living in temporary housing. Additionally, he claims he never received mail at the Beaten Path Road address, but instead has used his Medical Park Road business address for receiving mail, and the property tax card for the Beaten Path Road address lists his business address as the appropriate

mailing address. Defendant also stated that his former attorney always communicated with him by phone or text message, and he never received notice of his counsel's motion to withdraw, the Pre-Trial Order, or notice of trial by those means. Additionally, defendant's ex-wife, Ms. Regina Johnson, corroborated by affidavit defendant's timeline regarding his place of residence.

On 31 July 2019, Defendant withdrew his Rule 59/60 motion. In response, plaintiff dismissed his Rule 11 motion, which indicated mail service on defendant at three addresses: (1) Beaten Path Road; (2) Fern Hill Road; and (3) the Medical Park Road business address. On the same day, defendant's counsel filed a Motion to Withdraw, which was granted. Defendant filed a *pro se* Notice of Appeal and listed his address as the Medical Park Road business address.

## II. Discussion

On appeal, defendant argues that the trial court abused its discretion in entering a Pre-Trial Order without holding a pre-trial conference. Specifically, he contends that the trial court exceeded its authority by entering stipulations and agreements of the parties when both parties did not actually stipulate or agree, and that Order effectively dispensed with our Rules of Evidence. Additionally, he argues that he was deprived his right to due process when he was not provided with notice of the date, time, or place of the trial.

¶ 15     As a preliminary matter, defendant failed to preserve his issues on appeal, and any issue presented regarding lack of notice for trial, or the Pre-Trial Order, are not properly before this Court. Rule 10 of the North Carolina Rules of Appellate Procedure provides in pertinent part:

> In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.

N.C.R. App. P. 10(a)(1). "[I]t is well-established that the North Carolina Rules of Appellate Procedure are mandatory and failure to follow these rules will subject an appeal to dismissal." *Stann v. Levine*, 180 N.C. App. 1, 3, 636 S.E.2d 214, 215 (2006) (*purgandum*). Given that defendant was absent from trial and not represented by counsel, he did not have an opportunity to present a timely request or objection in open court. Furthermore, defendant voluntarily withdrew his Rule 59/60 motion and supporting affidavits, without a hearing on the merits, before the trial court could render a decision upon his motion. "It is well settled that an error, even one of constitutional magnitude, that defendant does not bring to the trial court's attention is waived and will not be considered on appeal." *State v. Bursell*, 372 N.C. 196, 199, 827 S.E.2d 302, 305 (2019) (quotation marks and citation omitted).

¶ 16    However, notice is a fundamental requirement of due process.  In accordance with Rule 2 of the Appellate Rules of Procedure, this Court may "suspend or vary the requirements or provisions of any of these rules[,]" *sua sponte* or upon the motion of a party, "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest" except where the rules otherwise expressly prohibit.  N.C.R. App. P. 2.  "[T]his residual power . . . may be drawn upon where the justice of doing so or the injustice of failing to do so appears manifest to the Court." *Blumenthal v. Lynch*, 315 N.C. 571, 578, 340 S.E.2d 358, 362 (1986) (citation omitted).  "Rule 2 must be applied cautiously, and it may only be invoked in exceptional circumstances.  A court should consider whether invoking Rule 2 is appropriate in light of the specific circumstances of individual cases and parties, such as whether substantial rights of an appellant are affected." *Bursell*, 372 N.C. at 200, 827 S.E.2d at 305-06 (quotation marks and citations omitted).

¶ 17    "Notice and an opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution and Article 1, section 17, of the North Carolina Constitution." *Swanson v. Herschel*, 174 N.C. App. 803, 805, 622 S.E.2d 159, 160-61 (2005) (quotation marks and citation omitted).  "This right to be heard has little reality or worth unless one is informed that the matter is pending

and can choose for himself whether to appear or default, acquiesce or contest."

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 873 (1950).

> It is a principle, never to be lost sight of, that no person should be deprived of his property or rights, without notice and an opportunity of defending them. This right is guaranteed by the constitution. Hence it is, that no Court will give judgment against any person, unless such person have an opportunity of sh[o]wing cause against it. A judgment entered up otherwise would be a mere nullity.

*Den ex dem. Hamilton v. Adams*, 6 N.C. 161, 162 (1812). Considering the circumstances of this case, and the manifest necessity of due process, this Court invokes Rule 2 as to permit appellate review. "Whether a party has adequate notice is a question of law, which we review *de novo*." *Id.* at 805, 622 S.E.2d at 160 (citation omitted).

¶ 18 In *Laroque v. Laroque*, this Court examined notice requirements as governed by Rules of Civil Procedure and the General Rules of Practice. 46 N.C. App. 578, 580, 265 S.E.2d 444, 445 (1980). This Court held that the defendant did not receive the requisite notice of trial when nothing on the record indicated that a trial calendar request or certificate of readiness was mailed to him. *Id.* at 581-82, 265 S.E.2d at 446-47. In reaching its decision, this Court reasoned that:

> Rule 2 of the Rules of Practice, by requiring notice of the calendaring of a case, secures to a party the opportunity to prepare his case for trial and to be present for trial or to seek a continuance. Although the rule specifies that the calendar be sent to each attorney of record and that the

> copy of the certificate or readiness be sent to opposing counsel, it is implicit in the rule that where a party is not represented by counsel he is entitled to the same notice. We note that it has long been the practice in this State that when a party to an action does not have counsel, a copy of each calendar on which his action appears calendared for trial is mailed to him at the last address available to the Clerk.

*Id.* at 581, 265 S.E.2d at 446 (1980) (citation omitted). "[R]ule [2] contemplates that systematic notice of the calendaring of a case be given to a party at each stage of the calendaring process." *Id.* at 580, 265 S.E.2d at 446.

¶ 19 In *Brown v. Ellis*, this Court also addressed notice requirements in an action involving alienation of affection and criminal conversation claims. 206 N.C. App. 93, 94, 696 S.E.2d 813, 816 (2010). In *Brown*, the "defendant's attorney's motion to withdraw, the order allowing the motion to withdraw, the order setting the trial date, and the trial calendar mailed from the trial court were all mailed to the incorrect address." *Id.* at 102-03, 696 S.E.2d at 820. Further, the record was silent as to whether "defendant received any notices or documents regarding the case after the trial court denied his motion to dismiss[.]" *Id.* at 103, 696 S.E.2d at 820. The defendant neither appeared at trial, nor was he represented at trial, and judgment was entered against him in the amount of $600,000.00. *Id.* at 94, 696 S.E.2d at 815.

¶ 20 This Court held that the defendant was entitled to a new trial because lack of adequate notice did not comport with the requirements of due process. *Id.* at 109,

696 S.E.2d at 824. This Court contrasted its decision in *Laroque* with that in *Dalgewicz v. Dalgewicz,* 167 N.C. App. 412, 606 S.E.2d 164 (2004), where the defendant received notice that his case was calendared for trial but failed to appear because he was "neglectful and inattentive to his case." 167 N.C. App. 412, 418, 606 S.E.2d 164, 168 (2004). In *Brown*, this Court concluded that:

> neither the scheduling order nor the court calendar was mailed to the service address, through no fault of defendant. Defendant had no way of knowing and no reason to know that both his original counsel and the trial court were sending documents to him at an incorrect address until after he was notified of the trial three days before it was to begin and he was able to contact an attorney in North Carolina.

*Brown*, 206 N.C. App. at 108, 696 S.E.2d at 823.

¶ 21    In the case *sub judice*, counsel for defendant listed the address on Beaten Path Road in Mooresville as the address he served defendant with notice of the motion to withdraw and hearing on that motion. However, nothing in the record indicates that defendant received that notice. Plaintiff argues that it was reasonable to rely on the address listed on the pleadings filed by defendant's attorneys, and that defendant was under a continuing duty to keep opposing counsel informed of his correct address. However, assuming *arguendo*, that service at the Beaten Path Road address was proper, the record simply does not reflect that defendant was served with the order

allowing defense counsel to withdraw, the Pre-Trial Order, calendar notice, or notice of trial at any address.

The facts before us do not indicate that defendant was negligent or inattentive to his case. This is a case where defendant never received proper notice of trial. This court concludes that a failure to provide proper notice violated defendant's due process rights and entitles him to a new trial. Accordingly, we need not address his remaining arguments.

VACATED AND REMANDED.

Judges ARROWOOD and COLLINS concur.